IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ZENAIDA DALIGCON, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A.; DOE DEFENDANTS 1–50, <br><br> Defendants. | CIVIL NO. 21-00020 JAO-RT <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF REMAND |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF REMAND**

Defendant Bank of America, N.A. ("BANA") removed this action from the Circuit Court of the Fifth Circuit, State of Hawaiʻi ("state court"), on the basis of diversity jurisdiction.  Plaintiff Zenaida Daligcon ("Daligcon") seeks remand on grounds of untimeliness, violation of the unanimity rule, and the voluntary-involuntary rule.  ECF No. 10-1.  She also requests attorneys' fees and costs.  ECF No. 10.  For the following reasons, the Court GRANTS Daligcon's Motion and REMANDS this action to state court.  The Court DENIES Daligcon's request for attorneys' fees and costs.

BACKGROUND

I.    State Court Proceedings

Daligcon joined an already-existing action in state court, *Wallis, et al. v. Bank of America, N.A., et al.*, Case ID 5CCV19-1-0070 ("Wallis state court case"), which was initiated by Kimberly Wallis, Jack McConnachie, Jr., and Donna McConnachie. *See Wallis v. Bank of Am., N.A.*, Civil No. 20-00220 KJM ("Wallis federal court case"), ECF No. 1-1. An amended complaint, filed on June 24, 2019, added as plaintiffs Daligcon, Frances Foster, Kendall Goo, Laura Goo, and Cynthia Green.[1] ECF No. 10-13. The amended complaint also joined the following defendants, against whom the plaintiffs asserted quiet title and ejectment claims: Shawn and Roberta Cohen; Tracie Ibara; Jason and Allison Barber; Mortgage Electronic Registration Systems, Inc. ("MERS"); Kamaaina Mortgage Group, Inc.; Gregory S. Baxter, individually and as trustee; Montana Knightsbridge, individually and as trustee; and Finance Factors, Limited (collectively, "QTE defendants"). *Id.*

On November 8, 2019, BANA and MERS filed a Motion to Dismiss First Amended Complaint and Motion to Sever ("Motion to Dismiss and Sever"),

---

[1] Plaintiffs allege that they were putative class members in *Degamo v. Bank of America, N.A.*, Civil No. 13-000141 JAO-KJM, which was filed on September 7, 2012 and dismissed on March 14, 2019, during which the statute of limitations was tolled. ECF No. 10-13 ¶ 10.

arguing that claims against the QTE defendants were time barred and that the plaintiffs' claims should be severed.  ECF No. 10-14; ECF No. 14-2.  The state court heard the matter on January 23, 2020.  ECF No. 14-5.  Relevant to these proceedings, in an order issued on April 14, 2020 ("4/14/20 Order"),[2] the state court dismissed the claims against the QTE defendants as barred by a six-year statute of limitations and severed and dismissed all but Wallis' (the first-named plaintiff) claims.  ECF No. 10-3; ECF No. 14-5.  The state court authorized the dismissed plaintiffs to refile actions with the court "subject to the rulings contained in th[e] Order."  ECF No. 10-3.

On April 21, 2020, Wallis, the McConnachies, Daligcon, Foster, the Goos, and Green appealed the 4/14/20 Order.  ECF No. 10-1 at 15; *see also* ECF No. 10–11.

II.  First Removal to Federal Court

On May 12, 2020, BANA removed the remaining portion of the case — Wallis' claims against BANA — to federal court on the basis of diversity jurisdiction, arguing that the case became removable upon the issuance of the 4/14/20 Order.  *See* Wallis federal court case, ECF No. 1.  Magistrate Judge Mansfield remanded the case, ruling that BANA failed to obtain the consent of the

---

[2]  Defense counsel prepared the order based on the oral rulings from the hearing on the motion.  ECF No. 10-3; ECF No. 14-5.

applicable QTE defendants (the Cohens). ECF No. 10-12. Magistrate Judge Mansfield reasoned that although the state court dismissed the QTE defendants, no final judgment had entered pursuant to Rule 54(b) of the Hawaiʻi Rules of Civil Procedure ("HRCP") so they remained parties to the action whose consent was required to effectuate removal. *Id.* at 10–16.

III. Further State Court Proceedings

On September 11, 2020, the Intermediate Court of Appeals ("ICA") dismissed the appeal for lack of appellate jurisdiction, concluding that the 4/14/20 Order was interlocutory and that the circuit court "neither resolved all of the multiple claims in this case nor reduced its dispositive rulings to an appealable final judgment." ECF No. 10-11 at 2–3.

Pursuant to the 4/14/20 Order, Daligcon refiled her claims in a new action on November 4, 2020 — *Daligcon v. Bank of America, N.A.*, Case ID 5CCV-20-0000116, ECF No. 1-1. Daligcon served BANA on December 11, 2020. ECF No. 10-1 at 16.

IV. Current Proceedings

BANA removed the present action on January 11, 2021, alleging that diversity jurisdiction exists because Daligcon is a citizen of Hawaiʻi, it is a citizen of North Carolina, and the amount in controversy exceeds $75,000.00. ECF No. 1 ¶¶ 8–24.

4

Daligcon filed this Motion for Order of Remand on February 10, 2021. ECF No. 10. BANA filed its Opposition on March 2, 2021, ECF No. 14, and Daligcon filed her Reply on March 9, 2021. ECF No. 16. The Court held a hearing on April 2, 2021. ECF No. 21.

## LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679–80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (citation omitted); *see Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." (citation omitted)). Courts should presume that a case lies outside the limited jurisdiction of the federal courts. *See id.*

"If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *Dennis v. Hart*,

724 F.3d 1249, 1252 (9th Cir. 2013) (internal quotation marks and citation omitted).

## DISCUSSION

Daligcon moves to remand on four grounds:  (1) BANA untimely removed because more than one year has passed since the commencement of this case; (2) BANA arguably missed the 30-day window to remove; (3) QTE defendant Ibara should be treated as a party to this case, thereby requiring her consent to removal; and (4) the voluntary-involuntary rule precludes removal.  ECF No. 10-1.

I.  Thirty-Day Removal Windows

    A.  28 U.S.C. § 1446(b)(1)

BANA treats Daligcon's post-severance case as a new action and calculated its removal window from the date it received the pleading, pursuant to 28 U.S.C. § 1446(b)(1).  ECF No. 1 ¶¶ 5–6.  Section 1446(b)(1) provides:  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(1).  This "only applies if the case stated by the initial pleading is removable on its face."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  That is, "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under

§ 1446(b) to begin." *Id.* at 695 (footnote omitted). If the post-severance complaint is viewed as the initial pleading, BANA timely removed. Daligcon served BANA on December 11, 2020, and BANA filed its Notice of Removal on January 11, 2021. ECF No. 1 ¶ 6; *see also* Fed. R. Civ. P. 6(a)(1).

    B.    28 U.S.C. § 1446(b)(3)

Ultimately at issue here, however, is the second window for removal under § 1446(b)(3), which applies when a case is not removable based on the initial pleading:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). This provision necessarily applies if Daligcon's post-severance case is treated as an extension of the Wallis state court case because the "initial pleading" was filed therein. Significantly, as the Court discusses below, § 1446(b)(3) is subject to a one-year outer limit. *See* 28 U.S.C. § 1446(c)(1). So even though a defendant timely removes within 30 days pursuant to the second removal window, the one-year limit can nevertheless bar removal.

Daligcon's primary basis for remand is that BANA removed beyond § 1446(c)(1)'s one-year limit, and she urges the Court to view her *post-severance complaint* — the document making the case removable — as a continuance of the

Wallis state court case.  ECF No. 10-1 at 24.  Daligcon challenges neither BANA's compliance with § 1446(b)(3)'s 30-day limit in this context,[3] nor the removability of her post-severance complaint, on its face.  Although BANA appears to have also timely removed under § 1446(b)(3), this is not dispositive given the Court's eventual determination that the one-year limit bars removal.

II.     One-Year Limitation on Removal

As the Court noted in the preceding section, even though a case becomes removable under § 1446(b)(3), cases founded upon diversity jurisdiction, as here, "may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).  "'Commencement' in this context refers to when the action was initiated in state

---

[3] Daligcon's argument that BANA potentially missed the second 30-day removal window is premised on the theory that the 4/14/20 Order is the document that made the case removable.  In *Abel v. Bank of America, N.A.*, Civ. No. 20-00176 LEK-WRP, 2020 WL 6257070 (D. Haw. Oct. 23, 2020), Judge Kobayashi concluded that the applicable state court severance order created a new, independent action that was removable. *Id.* at *3.  There, the state court severed the plaintiffs' claims by property, to be tried separately. *See id.* at *1 (citing *Inokuma v. Bank of Am., N.A.*, No. Civ. No. 20-00178 LEK-RT, 2020 WL 4455102, at *1–2 (D. Haw. Aug. 3, 2020) (setting forth the relevant state court procedural history)).  The one-year limit was neither raised nor implicated, and so *Abel* did not address the question raised here. *Id.* at *2.  Moreover, because BANA did not remove pursuant to the 4/14/20 Order, whether the 4/14/20 Order made the case removable is not before the Court.  Had the case become removable by the 4/14/20 Order, however, removal would clearly be untimely under § 1446(b)(3).

court, according to state procedures." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005).[4]

Rule 3 of the HRCP states: "A civil action is commenced by filing a complaint with the court." HRCP Rule 3. This rule offers no clarity under the circumstances because it is undisputed that the complaints at issue — the initial complaint in the Wallis state court case and the post-severance complaint — were filed in state court under different case numbers. At issue is *which* case commenced the action under § 1446(c)(1). This turns on whether the post-severance complaint is the "initial pleading" or the complaint in the Wallis state court case is the "initial pleading," with the post-severance complaint constituting an amended pleading or other paper from which removability can be ascertained. *See* 28 U.S.C. § 1446(b). The Court finds that the latter is true under the particular facts of this case.

A. The One-Year Limit Applies to the Wallis State Court Case

The Ninth Circuit has yet to determine whether, in a proceeding involving the removal of a post-severance case filed under a new case number, the one-year clock runs from the commencement of the initial action or the post-severance

---

[4] *Bush v. Cheaptickets, Inc.* referenced § 1446(b), which previously contained the one-year rule. *See* Fed. Cts. Jurisdiction & Venue Clarification Act of 2011, § 103, 125 Stat. 758 (codified as amended at 28 U.S.C. § 1446); *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 & n.4 (9th Cir. 2017).

action. However, district courts within the Ninth Circuit have recently concluded that the initial case, not the post-severance case, triggers the one-year limitation period. *See In re Roundup Prods. Liab. Litig.*, 396 F. Supp. 3d 893, 899–901 (N.D. Cal. 2019); *see also Gardner v. Bliss Sequoia Ins. & Risk Advisors, Inc.*, 434 F. Supp. 3d 862, 867 (D. Nev. 2020).[5]

*In re Roundup* is particularly persuasive and its reasoning comports with the strict construction of removal statutes and resolution of any doubts about the propriety of removal in favor of remand. There, the state court judge severed all multi-plaintiff cases and mandated that "all plaintiffs except one per case must be dismissed, and the other plaintiffs must file their own individual complaints." *In re Roundup*, 396 F. Supp. 3d at 895 (internal quotation marks omitted). Although the plaintiffs had yet to file post-severance individual complaints when the defendant removed, *see id.* at 895–96, the *In re Roundup* court expressly contemplated and addressed the commencement of new actions following severance:

> "[A] defendant has thirty days to remove a case once it becomes removable, but in no event more than one year to remove a case following the "commencement" of the action. Here, an individual case will only be removable post-severance, but it first "commenced" with the filing of the original, multi-plaintiff complaint. Monsanto will therefore have thirty days to remove

---

[5] In deciding that the one-year period runs from the date of the filing of the initial complaint and not the date of the filing of a third-party complaint, the *Gardner* court was persuaded by and applied *In re Roundup Products Liability Litigation*'s rule that the one-year period runs from when the case was initially filed in state court. *See Gardner*, 434 F. Supp. 3d at 864–67.

a case once an individual complaint is filed, with an outer one-year limit from the date the multi-plaintiff case was first filed.

*See id.* at 898–99. With this procedural posture in mind, the court reasoned:

> [C]onsidering the statute's text and underlying purpose, the better reading is that a case does not recommence once it is severed, meaning the one-year period begins when a case is first filed in state court.
>
> The filing of a multi-plaintiff case clearly commences an action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Thus, for the clock to start anew, the filing of a severed complaint must effectively commence a new action. *But any individual plaintiff's case has already started, and it is unclear why a change in form should be understood to create an entirely new action. The defendant is on notice of the claims, the statute of limitations has been tolled, and the case may have taken any number of steps toward resolution. Even if a plaintiff first proceeds as part of a group before being required to proceed separately, the challenge to the defendant's conduct has already begun.*
>
> Moreover, section 1446(b)(3) looks to "the case stated by the initial pleading." If the filing of a post-severance complaint were to commence a new action, then the filing of the "initial pleading" in section 1446(b)(3) and the "commencement of the action" in section 1446(c)(1) would refer to different stages in the case. In other words, an action would again commence at some point after the initial pleading — the original, multi-plaintiff complaint — had been filed. But just as there can be only one initial pleading, presumably a case can only commence once.

*Id.* at 899–900 (emphasis added) (citation omitted). Pointing to Congress' intention to preclude removal of cases after a prescribed amount of time has lapsed, the court then emphasized that the statute's purpose weighed against

11

restarting the clock upon the initiation of a post-severance case because doing so "would allow for significant disruption long after the case was underway." *Id.* at 900. In response to the defendant's complaint that this outcome would prevent it from removing some disputes it wants to litigate in federal court, the court stated:

> [T]hat's not a reason to contort the meaning of the removal statute by treating a severed case as the commencement of a new action. Nor is it a reason to bend the jurisdictional rules to allow district courts to sift through removed multi-party cases to decide which disputes should remain in federal court and which should go back to state court. In a variety of contexts, the removal statute can lead to inconsistent results depending on how things play out in state court. But section 1446(c)(1), with its one-year cutoff, clearly contemplates that some cases that become removable must nevertheless stay in state court. If Congress wished to provide for removal of every case for which there is federal jurisdiction, it would not have imposed the one-year limitation.

*Id.* at 900–01.

Applying the reasoning set forth in *In re Roundup*, the Court concludes that removal is untimely because BANA removed this action more than one year after the commencement of the Wallis state court case.[6] As detailed below, the Court finds that this case is properly treated as an extension of the Wallis state court case.

---

[6] Daligcon urges the Court to interpret "case" as the matter stated in the initial pleading, and "action" as encompassing all claims, including cross-claims, counterclaims, and third-party claims. ECF No. 10-1 at 23. Drawing this distinction is unnecessary. Nor is the Court concerned that applying the one-year limit to the commencement of the Wallis state court case will cause or enable the manipulation feared by BANA. *See* ECF No. 14 at 16 (hypothesizing that Daligcon's logic would enable a plaintiff to avoid federal jurisdiction by

The Court agrees with Daligcon that the present case is not a new case for the purpose of § 1446, but rather is a continuation of the Wallis state court case. ECF No. 10-1 at 24. To support this characterization, Daligcon emphasizes that the state court ordered the dismissed plaintiffs to refile their claims, with the same court, and subject to the dismissal of claims and QTE defendants in the 4/14/20 Order. *Id.* at 18. She further asserts that a "truly 'new' case would not be limited by an order in a prior case that is non-final and has no res judicata or 'law of the case' effect." *Id.*

BANA challenges this argument as baseless and irrelevant to the removal inquiry, accusing Daligcon of disregarding collateral estoppel principles. *See* ECF No. 14 at 15 n.4. But BANA misrepresents Daligcon's contention. BANA omits Daligcon's critical qualifier, "non-final and has no res judicata or 'law of the case' effect," suggesting instead that Daligcon contends that new cases would not be limited by orders in prior cases. *Id.* Daligcon's point is that while finality is ordinarily required for an order to have preclusive effect, *see Smallwood v. City & County of Honolulu*, 118 Hawaiʻi 139, 146–47, 185 P.3d 887, 894–95 (App. 2008) (explaining that a final judgment is one of the requirements for either res judicata or collateral estoppel to apply), the fact that she is bound by the *non-final* 4/14/20

---

commencing a case in state court, voluntarily dismissing it shortly thereafter, then refiling the same complaint one year later).

13

Order demonstrates that this case is a continuation of the Wallis state court case. That Daligcon and her severed/dismissed co-plaintiffs are subject to the 4/14/20 Order, which lacks finality, compels a finding that Daligcon's post-severance case is an extension of the Wallis state court case, albeit refiled under a different case number. Allowing the post-severance case to restart the one-year clock under these unique circumstances would exalt form over substance, as the repackaging does not change the fact that the underlying allegations originated in the Wallis state court case, which BANA has had knowledge of and defended against since June 2019. And while the cases will proceed under separate case numbers, they are inextricably tied to the Wallis state court case.[7] Indeed, a reversal of the 4/14/20 Order on appeal following the entry of final judgment could undo the severance/dismissal of Daligcon and her co-plaintiffs and/or the dismissal of the

---

[7] BANA relies on *Abel* and *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017), for the proposition that severance resulted in a new and independent case. The Court already distinguished *Abel*, and *Herklotz* addresses severance under *Federal* Rule of Civil Procedure ("FRCP") 21 outside the removal context. The Court does not dispute that Daligcon's post-severance case would otherwise proceed as an independent case *for the purpose of finality and appealability*, see *Herklotz*, 848 F.3d at 898 (quoting *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 441 (7th Cir. 2006)), but the discrete issue before the Court is whether, under § 1446(c)(1), the case is sufficiently independent to disregard the Wallis state court case and treat the post-severance case as the "commencement of the action," thereby restarting the one-year limit.

QTE defendants and potentially affect the post-severance cases. This would not occur in a genuinely independent case.

The Court also rejects BANA's proposition that because there was nothing to remove until the filing of the post-severance complaint, that act triggered the one-year limit. ECF No. 14 at 19. By so reasoning, BANA conflates removability with the one-year limit. Critically, as the Court earlier explained, a case can become removable subsequent to the filing of the initial pleading, *see* 28 U.S.C. § 1446(b)(3), but must still be removed within one year of the commencement of the action. *See* 28 U.S.C. § 1446(c)(1). While removability can restart the 30-day clock, it does not necessarily restart the one-year clock, even when a post-severance complaint is filed. *See In re Roundup*, 396 F. Supp. 3d at 899–900.

BANA cites multiple out-of-circuit district court cases in support of restarting the one-year limit upon the filing of post-severance complaints, but they are non-binding, unpersuasive, and distinguishable.[8] In *Pennsylvania Employees Benefit Trust Fund v. Astrazeneca Pharmaceuticals, LP*, Civil Action No. 08-cv-04787-JF, 2008 WL 4891387 (E.D. Pa. Nov. 13, 2008), the court concluded that the case "did not exist as a separate, removable, case until the present new complaint was filed in compliance with the May 5, 2008 Order. Stated otherwise,

---

[8] And unlike *In re Roundup*, the most recent of these cases was decided more than 12 years ago.

there was nothing which could have been removed, until the new complaint was filed." *Id.* at *1. However, the three-paragraph order lacked both citation to law and thorough analysis. And there is no indication — limited as the facts are — that the determinative facts here were present in that case.

In *Farmer v. St. Paul Fire & Marine Insurance Co.*, No. 2:05CV161-D-B, 2006 WL 1134238 (N.D. Miss. Apr. 24, 2006), the court cursorily found that "the state court's severance of the Plaintiff's claims against St. Paul from the original action into a separate and new action restarted Section 1446(b)'s one-year time limit for removal of diversity actions[.]" *Id.* at *2 (citation omitted). Its sole reason for reaching this decision was that "severance . . . creates two separate actions or suits where previously there was but one. When a single claim is severed out of a suit, it proceeds as a discrete, independent action[.]" *Id.* (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983) (ellipsis in original) (internal quotation marks omitted). *United States v. O'Neil* concerned severance under FRCP 21, not the effect of severance on the one-year limit. *See* 709 F.2d at 368. And the facts in *Farmer* appear to be distinguishable. *See Farmer*, 2006 WL 1134238, at *1.

Finally, in *Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214 (W.D. Ky. 1996), the court explained, in two sentences, that the one-year limit was triggered by the state court's severance, which created a separate cause of action.

*Id.* at 1220. None of these cases mentioned or confronted the issues presented here. While the Court lacks precedential authority to guide its decision, remand is strongly supported by strictly construing the applicable statutory provisions and factoring the statute's intent and policy considerations. And where, as here, there is any doubt or ambiguity about the propriety of removal, it must be resolved against removability and in favor of remand.

      B.    <u>There Is No Evidence That Daligcon Acted in Bad Faith</u>

The one-year rule does not apply if Daligcon acted in bad faith to prevent BANA from removing the action. *See* 28 U.S.C. § 1446(c)(1). The Ninth Circuit has not articulated a standard for evaluating "bad faith" under § 1446(c)(1),[9] but "district courts in the Ninth Circuit have stated that 'defendants face a high burden to demonstrate that a plaintiff acted in bad faith to prevent removal.'" *Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1196 (W.D. Wash. 2020) (citation omitted); *cf. Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (explaining, in the context of inherent authority sanctions, that "bad faith, including conduct done vexatiously, wantonly, or for oppressive reasons, requires proof of bad intent or improper purpose" (citations omitted)).

---

[9] Although inapplicable here, when removal occurs outside the one-year window, § 1446(c)(3)(B) identifies as bad faith the plaintiff's deliberate failure "to disclose the actual amount in controversy to prevent removal." 28 U.S.C. § 1446(c)(3)(B).

BANA does not accuse Daligcon of acting in bad faith, but suggests that, were Daligcon's one-year theory to apply, her inaction caused the untimely removal. ECF No. 14 at 19–21. BANA avers that it could have removed this case within one year had Daligcon expeditiously filed her post-severance complaint. *Id.* at 20–21. The Court agrees that a plaintiff should not benefit from its dilatory conduct. However, the record reveals that Daligcon was not the exclusive source of delays. The parties were all subject to the state court's scheduling and resolution of matters before it.[10] And BANA is not blameless. It also arguably contributed to some of the delays, by waiting one month to seek dismissal and severance[11] and taking more than one month to submit the proposed order regarding the Motion to Dismiss and Sever.[12] Moreover, after the issuance of the 4/14/20 Order, a flurry of activity ensued, including the appeal to the ICA and

---

[10] The Motion to Dismiss and Sever was not heard until January 2020 and the 4/14/20 Order was filed nearly four months later.

[11] *See In re Roundup*, 396 F. Supp. 3d at 901 (recommending that defendants desiring to avoid the one-year time bar expeditiously request severance in state court even though it may only reduce, not eliminate, the risk of violating the rule).

[12] According to eCourt Kokua, BANA did not submit a proposed order until early March 2020. *See* https://www.courts.state.hi.us/legal_references/records/jims_system_availability (enter system and search using Case ID "5CC191000070") (last visited April 7, 2021).

multiple removals to federal court.[13] In any event, BANA has not alleged, nor does the Court find, that Daligcon acted in bad faith. Accordingly, BANA is not excepted from § 1446(c)(1)'s one-year rule and it untimely removed.

Because BANA improperly removed this case, subject matter jurisdiction is lacking, and the Court must remand pursuant to 28 U.S.C. §1447(c). *See Dennis*, 724 F.3d at 1252.

III. <u>Remaining Arguments in Support of Remand</u>

Having determined that remand is necessary, the Court need not address Daligcon's arguments regarding the unanimity rule and the voluntary-involuntary rule.

IV. <u>Attorneys' Fees and Costs</u>

In her Motion, Daligcon requests attorneys' fees and costs pursuant to 28 U.S.C § 1447(c). ECF No. 10 at 2. But she did not present any arguments or authority in her Memorandum of Support or Reply. For this reason alone, the request should be denied. Even considering the request, however, the Court declines to award fees and costs. When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual

---

[13] Less than one month prior to its removal of the Wallis state court case, BANA removed *Abel*; *Green v. Bank of America, N.A.*, Civil No. 20-00177 LEK-KJM; and *Inokuma v. Bank of America, N.A.*, Civil No. 20-00178 LEK-RT.

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). Given the lack of precedential authority regarding the issues discussed in this Order, BANA had a basis — even if ultimately untenable — to remove.

## CONCLUSION

For the reasons stated herein, the Court GRANTS Daligcon's Motion for Order of Remand, ECF No. 10, and REMANDS this case to the Circuit Court of the Fifth Circuit, State of Hawai'i. Daligcon's request for attorneys' fees and costs is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 9, 2021.



Jill A. Otake
United States District Judge

Civil No. 21-00020 JAO-RT, *Daligcon v. Bank of America, N.A.*; ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF REMAND